Filed 3/25/22  P. v. Valdivia CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079032 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVA801582) |
| ANDREW VALDIVIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino, County, Ingrid A. Uhler, Judge.  Reversed and remanded with directions. Respondent's request for judicial notice is denied.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Robin Urbanski, and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, a jury convicted Andrew Valdivia of two counts of attempted premeditated murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and two counts of assault with a firearm (§ 245, subd. (a)(2)). The jury found true firearms enhancements under sections 12022.5, subdivision (a) and 12022.53, subdivisions (b), (c), (d) and (e)(1) and found that Valdivia personally inflicted great bodily injury (§ 12022.7, subd. (a)). In addition, the jury found the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

Valdivia was sentenced to a total term of 85 years to life in prison.

Valdivia appealed, and this court affirmed the judgment in an unpublished opinion. (*People v. Valdivia et al.* (Aug. 12, 2011, D057386) [nonpub. opn.].)

In 2021, Valdivia filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition without appointing counsel, receiving briefing, or conducting a hearing.

Valdivia filed a timely notice of appeal.

The parties to this appeal agree the trial court erred in summarily denying the petition without appointing counsel. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972 (*Lewis*).) The only issue in this appeal is whether the error was harmless. In order to shore up the argument for harmless error, the Attorney General has filed an opposed request for the court to take judicial notice of the record of conviction contained in our records in case No. D057386. Because of the summary manner in which the trial court disposed of this case, the record of conviction was never before the court. We

---

[1] All further statutory references are to the Penal Code.

will deny the request for judicial notice and remand the case to the trial court to begin anew and properly review the petition as required by section 1170.95.[2]

## DISCUSSION

### A. Request for Judicial Notice

The Attorney General requests the court take judicial notice of our records in case No. D057386 because those records were not before the trial court and are therefore not part of our record on this appeal. In order for the Attorney General to be able to argue harmless error, the record would have to be augmented. The respondent did not request the record to be augmented early in the briefing and, thus, Valdivia has not had access to the full record, which is lengthy. Importantly, the trial court never considered the record of conviction since no briefing was received.

We decline to take judicial notice of a lengthy record at this late stage in the proceedings. As we will explain below, we think the better way to deal with the premature denial of the petition is to remand the case so that the parties and the trial court can have the benefit of a full record.

### B. Legal Principles

Effective January 1, 2019, Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) eliminated liability for murder under the felony murder and natural and probable consequences doctrines. (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147 (*Anthony*).)

Senate Bill 1437 addressed aspects of felony murder and the natural and probable consequences doctrine, "redefin[ing] 'malice' in section 188.

---

[2] The facts of the underlying crimes are not relevant to the resolution of this appeal. We will omit the traditional statement of facts.

3

Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.) Senate Bill 1437 also amended section 189 by adding subdivision (e), which states that a participant in the target felony who did not actually commit a killing is nonetheless liable for murder if he or she aided, abetted, or assisted the actual killer in first degree murder or was a major participant in the target crime and acted with reckless indifference to human life. (§ 189, subd. (e)(2)-(3).) The result is that Senate Bill 1437 "ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Anthony*, *supra*, 32 Cal.App.5th at p. 1147.)

Section 1170.95, subdivision (c) provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. If so, the court must issue an OSC and hold an evidentiary

4

hearing on the petition. (*Lewis, supra*, 11 Cal.5th at p. 962.) However, the court may deny the petition if the person is ineligible as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Lewis*, at p. 972.) However, the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Drayton*, at pp. 979-980.)

Prior to the enactment of Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), courts were divided over the question of whether a person convicted of attempted murder was eligible for resentencing under Senate Bill 1437 and section 1170.95. (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.) Senate Bill 775 addresses this conflict. The Legislature's stated purpose, in part, in enacting Senate Bill 775 was to clarify that "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

In *Lewis, supra*, 11 Cal.5th at pages 970-972, the court made clear that a trial court may deny a petition for resentencing after the appointment of counsel and receipt of briefing. The court went on to discuss the impact of a trial court's failure to appoint counsel. The court determined the error should be analyzed under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, at pp. 972-974.)

### C. Analysis

Our refusal to grant judicial notice of the record in case No. D057386 leaves the record on this appeal devoid of any meaningful information from

5

which this court could determine if the error here was prejudicial. The trial court concluded attempted murder convictions were ineligible for relief under section 1170.95 as a matter of law. Accordingly, the court never had any information before it from which it could conclude Valdivia did not state a prima facie case for resentencing.

Since Senate Bill 775 has clarified the eligibility for persons convicted of attempted murder, it is appropriate to remand the case to the trial court to make an informed decision in the first instance, rather than have this court attempt to evaluate material never seen by the trial court.

## DISPOSITION

The order denying Valdivia's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court with directions to appoint counsel for Valdivia, receive briefing from the parties, and to conduct further proceedings consistent with section 1170.95, and the views expressed in this opinion.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.